UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PRECISION REPLACEMENT PARTS CORP.,

Plaintiff(s),

v.

AUTO GLASS COMPONENTS, INC.; UNITED FIRE and CASUALTY CO.; and THE CINCINNATI INSURANCE CO.,

Defendant(s).

NO. C05-1444P

ORDER ON MOTION TO DISMISS

The above-entitled Court, having received and reviewed:

1. Defendant United Fire & Casualty Company's Motion to Dismiss for Lack of Diversity Jurisdiction,

2. Plaintiff's Response to Motion to Dismiss for Lack of Diversity Jurisdiction,

3. Defendant's Reply to Response to Motion to Dismiss for Lack of Diversity Jurisdiction,

and all exhibits and declarations attached thereto, makes the following ruling:

IT IS HEREBY ORDERED that the motion is GRANTED and this case is DISMISSED for lack of jurisdiction.

**Background**

This is a declaratory insurance coverage action to determine the scope of indemnity coverage under primary and excess liability policies related to a separate, underlying action (Precision Replacement Parts v. Auto Glass Components, C04-566L, a trademark and copyright infringement suit before the Honorable Robert S. Lasnik of this district).  Plaintiffs are seeking to have indemnity coverage determined for the party (Auto Glass Components) who is the defendant in the underlying action.

**ORD ON MTN
TO DISMISS - 1**

1   Plaintiff Precision Replacement Parts Corp. ("PRP") is a Washington corporation. Auto Glass
2   Components ("AGC") is an Iowa corporation. Defendant United Fire & Casualty Co. ("UFC") is
3   AGC's primary insurer and also an Iowa corporation.

4   The original Complaint for Declaratory Relief (Dkt. No. 1) named AGC as an "involuntary
5   plaintiff" and claimed to be premised on diversity jurisdiction. PRP then filed its first amended
6   complaint (Dkt. No. 4) in which it recharacterized AGC from "involuntary plaintiff" to "defendant."
7   Defendant insurers originally brought this motion to dismiss pursuant to FRCP 12(b)(1) on the
8   grounds that there was no diversity jurisdiction in the case as initially plead.

**Discussion**

10   The court is not bound by Plaintiff's designation of the parties (Dolch v. United California
11   Bank, 702 F.2d 178, 181 (9th Cir. 1983)) but is obligated to ascertain the parties' real interests and
12   align them accordingly. The only disputed issue in this litigation is insurance coverage, and PRP seeks
13   a declaration that AGC is entitled to coverage under its policies with the insurer defendants. Since
14   AGC stands to benefit from such a declaration, PRP's and AGC's interests are identical. On that
15   basis, AGC is properly characterized as a "plaintiff" in this action and there is clearly an absence of
16   diversity between the parties.

17   The Court surmises that PRP has recognized the problems inherent in attempting to confer
18   diversity jurisdiction through their pleadings. First they filed an amended complaint re-casting AGC as
19   a defendant. For the reasons cited *supra*, that amendment is unavailing – there is no diversity
20   jurisdiction in this matter. Now, in response to this motion, Plaintiff has fallen back to a new position;
21   namely, that there are federal questions at issue in this case. PRP cites to the Lanham and Federal
22   Copyright Act issues in the *underlying* lawsuit and claims that this declaratory judgment actions raises
23   issues of federal statutory interpretation based on its relationship to the other lawsuit. Republican
24   Party of Guam v. Gutierrez, 277 F.3d 1086, 1088 (9th Cir. 2002) is cited for the proposition that

**ORD ON MTN
TO DISMISS - 2**

because "vindication of a right under state law" (i.e., the coverage issues in this lawsuit) "necessarily turn[s] on some construction of federal law" (the statutory construction of the Lanham and Copyright Acts in the underlying litigation), this declaratory judgment action can be said to "arise under" federal law.

Republican Party does not support Plaintiff's position.  Rather the case states that "[t]o determine whether federal question jurisdiction exists in this case, the issue is: In order to vindicate their right under [state law], must the plaintiffs plead, and prove, the asserted violation of federal law?" Id. at 1090. PRP cannot answer "yes" to that question in this litigation – "the asserted violation of federal law" has been plead in an entirely separate matter.  Nowhere in the complaint before this Court does PRP assert any violations of federal law and it cannot be said that PRP's claims against the Defendant insurance companies "arise under" federal law.

As a further illustration, in order for a claim to "arise under" the Copyright Act, it must (1) ask for a remedy which the Act explicitly grants, (2) require an interpretation of the Copyright Act or (3) depend for its resolution on "federal principles." Scholastic Entertainment, Inc. v. Fox Entertainment Group, Inc., 336 F.3d 982, 986 (9th Cir. 2003).  Plaintiff's case seeks an interpretation of an insurance contract under state law, not of any provision of the Copyright Act. Based on a fact pattern almost identical to the one here, the Scholastic court found that a dispute over a state law contract did not confer federal jurisdiction.  In point of fact, as codified in the McCarran-Ferguson Act, the regulation of insurance and substantive insurance law has been expressly reserved to the states.  15 U.S.C. 1012(a).

Alternatively, PRP requests leave to amend to cure any deficiencies, which they claim they are entitled to absent proof that the complaint could not be saved by *any* amendment.  US West, Inc. v. Nelson, 146 F.3d 718, 721 (9th Cir. 1998).  However, amendment of this complaint is futile – AGC is an indispensable party whose interests are synonymous with PRP's in this litigation.  Their required

**ORD ON MTN**
**TO DISMISS - 3**

presence assures an absence of diversity jurisdiction. The Court further finds that there is nothing that Plaintiff could plead under these facts which would create a federal question and on that basis Plaintiff will be denied leave to further amend their complaint.

PRP's last-ditch argument is that dismissal is untimely because AGC has neither appeared nor been served with the motion to dismiss. Plaintiff cites FRCP 5(a) ("... every pleading subsequent to the original complaint. . . shall be served upon each of the parties"), but that rule applies only to parties that have appeared. "[A] party who has not appeared is not entitled to service under Rule 5," unless the action was commenced by a seizure of property. Wright & Miller, Fed. Prac. & Proc., §1144 at 429 (3d ed. 2002). There is certainly no prejudice to AGC in a dismissal – they were at best an "involuntary" party to this litigation and their presence would not alter the fact that there is neither diversity nor federal question jurisdiction in this lawsuit.

The Court notes in passing that there is also a serious question whether PRP, lacking contractual privity with the insurer parties, even has standing to bring this action. However, that question is not before the Court and there are certainly other substantial grounds for dismissal without having to reach the issue of standing.

**Conclusion**

The Court finds that, because AGC and one of the insurer defendants are Iowa corporations, there is no diversity among the parties in this litigation. In addition, Plaintiff's claims do not "arise under" federal law and therefore there is no jurisdiction based on the existence of a federal question. Finally, the Court finds that there are no set of circumstances Plaintiff could plead which would establish either diversity or federal question jurisdiction, and on that basis denies Plaintiff further leave to amend its complaint. This case is hereby ordered DISMISSED for lack of jurisdiction.

**ORD ON MTN TO DISMISS - 4**

The clerk is directed to provide copies of this order to all counsel of record.

Dated: November 23, 2005

*[signature]*

Marsha J. Pechman
U.S. District Judge

**ORD ON MTN**
**TO DISMISS - 5**